# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 13-1016** (BOR Appeal No. 2048220)
                    (Claim No. 2012020814)

**FOREST A. ADKINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 4, 2013, in which the Board affirmed a February 21, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 20, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins, a laborer, was injured in the course of his employment on June 30, 2011, while swinging a sledgehammer. He testified in a deposition on May 9, 2012, that he reported the injury to his foreman and filled out an incident report. After the injury, he was sore for a few days and thought he had pulled a muscle. He stated that he believed the injury would resolve on its own but he kept aggravating it when he used a sledgehammer. He stated that he sustained no left shoulder injuries prior to June 30, 2011.

The employee's and physician's report of injury dated December 21, 2011, indicates that Mr. Adkins sustained a left shoulder strain while swinging a sledgehammer in the course of his

1

employment. A treatment note dated December 21, 2011, by Allen Young, M.D., states that Mr. Adkins was swinging a sledgehammer at work and felt a pop in his shoulder. He worked around the pain for some time but eventually was no longer able to. There was no history of a prior left shoulder injury. Dr. Young diagnosed sprain of the left shoulder and upper arm. He opined that there was likely a tendon tear that would need to be surgically treated. A left shoulder MRI revealed full thickness and intrasubstance tears of the supraspinatus tendon, intrasubstance tears of the infraspinatus and subscapularis tendons, and an anterior labral tear.

The claims administrator rejected the claim on January 20, 2012. The Office of Judges reversed the decision and held the claim compensable for a left shoulder injury in its February 21, 2013, Order. The Office of Judges determined that a preponderance of the evidence indicated that Mr. Adkins injured his left shoulder in the course of his employment. He testified that he was able to work through his shoulder discomfort but that the pain progressively worsened. The Office of Judges found that this was not inconsistent with him failing to mention a shoulder injury to his treating physician when he saw him on September 14, 2011. Mr. Adkins testified his injury worsened with subsequent aggravations until he was in considerable pain by December of 2011. At that point, he sought treatment. Further, the Office of Judges found that Mr. Adkins testified that he promptly reported the injury to his supervisor, and his assertion was not disputed. Ultimately, the Office of Judges held that Mr. Adkins gave a credible account of how his injury occurred, and the fact that he did not report the injury until much later did not, in itself, mean that he did not suffer a compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 4, 2013, decision.

On appeal, SWVA, Inc., argues that the evidentiary record does not support Mr. Adkins's contention that he was injured in the course of his employment. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates Mr. Adkins sustained a left shoulder injury in the course of and resulting from his employment. The fact that he did not immediately seek medical attention does not mean he did not sustain a compensable injury. He promptly reported the injury to his supervisor and filled out an incident report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** December 3, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin